**FREDRICKSON MOTOR EXPRESS COR-PORATION, Burris Express, Inc., Standard Trucking Company and Southern Motor Carriers Rate Conference, Inc., Petitioners,**

v.

**INTERSTATE COMMERCE COMMISSION and the United States of America, Respondents.**

No. 76–2007.

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1977.

Robert E. Born, J. Michael May, Atlanta, Ga., for petitioners.

Theodore C. Knappen, Act. Gen. Counsel, Christine N. Kohl, Atty., ICC, Lloyd John Osborn, Antitrust Div., Dept. of Justice, Joe Sims, Act. Asst. Atty. Gen., Dept. of Justice, Charles H. White, Jr., Assoc. Gen. Counsel, ICC, Washington, D. C., for respondents.

Before COLEMAN, AINSWORTH and INGRAHAM, Circuit Judges.

AINSWORTH, Circuit Judge:

This is a petition by Fredrickson Motor Express and others to review an adverse

order of the Interstate Commerce Commission pertaining to the assessing of interstate charges on freight moving by motor common carrier. The Commission held that "the applicable and reasonable method of assessing interstate charges on shipments commingling interstate and intrastate traffic is to apply the rate for the total combined weight of each shipment to the weight of the interstate portion of the shipment." Petitioners contend that the Commission's holding is erroneous and that the rate should be applied on the weight of interstate and intrastate shipments separately, not on the total combined weight.

The basic facts are not disputed. The case originated with the filing of a complaint with the Commission by W. T. Grant Company against respondent motor carriers which alleged that the carriers' practice of computing charges on shipments of interstate and intrastate traffic, moving on one bill of lading from points in North Carolina to Charlotte, North Carolina, for subsequent movement to points in and out of North Carolina by common and private carriage, according to the separate weight of each of the interstate and intrastate portions of the shipments rather than the total combined weight, was unjust and unreasonable in violation of section 216 of the Interstate Commerce Act (49 U.S.C. § 316).

A hearing was held on the complaint before a joint board, and subsequently reviewed by a division of the I. C. C., which held with W. T. Grant Company that the total weight for the commingled shipments should be considered in assessing the proper rate rather than the separate weight of each of the interstate and intrastate portions. The practical effect of the Commission's ruling required that the carriers charge rates for the interstate traffic involved which are lower than those which the carriers had heretofore imposed. The

carriers' tariff provides certain weight groups in applying charges for interstate shipments and as the weight of a single shipment increases the rate correspondingly decreases. Thus the shipper, W. T. Grant, sought and obtained an order from the Commission requiring the carriers to apply tariff provisions which provide for lower rates than those being charged.

The manner in which the shipments were transported is not disputed. When the shipper tendered its freight to the carrier involving both interstate and intrastate shipments on the same bill of lading, for the same shipper, the traffic moved from the same origin to the same destination, which was W. T. Grant's consolidation center in Charlotte. The transportation service performed was identical for each shipment, whether interstate or intrastate in character. That some freight was intrastate and some interstate is likewise not disputed, the interstate portion and ultimate destination being clearly indicated at the time of original shipment. So the loading and handling for an entire shipment was no different whether or not the commingled freight consisted of both interstate and intrastate traffic.[1] Nevertheless, the carriers contend that the separate weight of the interstate and intrastate traffic should be considered in determining the applicable interstate rate on that portion of the shipment which was interstate traffic. They assert that the Commission's ruling is beyond the scope of its jurisdiction since it has no regulatory power over intrastate shipments, and by combining the weight of the intrastate and interstate shipments commingled here, it thus exceeds its authority by considering the weight of intrastate freight.

However, in its decision the Commission was careful to point out that its order pertained only to the interstate portion of the

1. In its brief on appeal the Commission also points out that "[a]ccording to the Petitioners' own admission, the tariff involved herein, from which the charge is computed, contains no provision governing the calculation of charges for the considered commingled shipments" and that the tariff is silent as to the method of assessing charges thereon. Petitioners' reply brief calls attention to the failure of the Commission in its decision in this case to make such a finding. However, it seems clear that there is no specific tariff provision relating to the commingling of interstate and intrastate shipments.

traffic involved. As it said, "We wish to make it absolutely clear that our decision, and the decision of the joint board, applies only to that portion of the involved traffic which moves in interstate commerce by common carrier." (350 I.C.C. at 489.)

■■■ According to the provisions of the Interstate Commerce Act, 49 U.S.C. § 316, every motor common carrier must establish just and reasonable rates and charges for transportation. If any person is aggrieved by such charges, a complaint may be filed with the Commission and after hearing the Commission is empowered to prescribe the

lawful rates and charges if it finds that the effective charges are unjust or unreasonable.[2] This is precisely what the Commission did in the present case. We will not set aside an order in this regard unless the Commission's action is arbitrary, capricious, or an abuse of discretion. See Administrative Procedure Act, 5 U.S.C. § 706(2). In our view, the Commission's action was a proper exercise of its expertise in rate making by prescribing the manner of computation of freight charges under the circumstances of this case. Since we find a rational connection between the facts found by the Commission and the result which it

**2.** 49 U.S.C. § 316(b), (d) and (e) provides in pertinent part:

(b) It shall be the duty of every common carrier of property by motor vehicle to provide safe and adequate service, equipment, and facilities for the transportation of property in interstate or foreign commerce; to establish, *observe, and enforce just and reason-* able rates, charges, and classifications, and just and reasonable regulations and practices relating thereto and to the manner and method of presenting, marking, packing, and delivering property for transportation, the facilities for transportation, and all other matters relating to or connected with the transportation of property in interstate or foreign commerce.

(d) All charges made for any service rendered or to be rendered by any common carrier by motor vehicle engaged in interstate or foreign commerce in the transportation of passengers or property as aforesaid or in connection therewith shall be just and reasonable, and every unjust and unreasonable charge for such service or any part thereof, is prohibited and declared to be unlawful. It shall be unlawful for any common carrier by motor vehicle engaged in interstate or foreign commerce to make, give, or cause any undue or unreasonable preference or advantage to any particular person, port, gateway, locality, region, district, territory, or description of traffic, in any respect whatsoever; or to subject any particular person, port, gateway, locality, region, district, territory, or description of traffic to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever: *Provided, however,* That this subsection shall not be construed to apply to discriminations, prejudice, or disadvantage to the traffic of any other carrier of whatever description.

(e) Any person, State board, organization, or body politic may make complaint in writing to the Commission that any such rate, fare, charge, classification, rule, regulation, or practice, in effect or proposed to be put

into effect, is or will be in violation of this section or of section 317 of this title. Whenever, after hearing, upon complaint or in an investigation on its own initiative, the Commission shall be of the opinion that any individual or joint rate, fare, or charge, demanded, charged, or collected by any common carrier or carriers by motor vehicle or by any common carrier or carriers by motor vehicle in conjunction with any common carrier or carriers by railroad and/or express, and/or water for transportation in interstate or foreign commerce, or any classification, rule, regulation, or practice whatsoever of such carrier or carriers affecting such rate, fare, or charge or the value of the service thereunder, is or will be unjust or unreasonable, or unjustly discriminatory or unduly preferential or unduly prejudicial, it shall determine and prescribe the lawful rate, fare, or charge or the maximum or minimum, or maximum and minimum rate, fare, or charge thereafter to be observed, or the lawful classification, rule, regulation, or practice thereafter to be made effective and the Commission shall, whenever deemed by it to be necessary or desirable in the public interest, after hearing, upon complaint or upon its own initiative without a complaint, establish through routes and joint rates, fares, charges, regulations, or practices, applicable to the transportation of passengers by common carriers by motor vehicle, or the maxima or minima, or maxima and minima, to be charged, and the terms and conditions under which such through routes shall be operated: *Provided, however,* That nothing in this chapter shall empower the Commission to prescribe, or in any manner regulate, the rate, fare, or charge for intrastate transportation, or for any service connected therewith, for the purpose of removing discrimination against interstate commerce or for any other purpose whatever.

accomplished, our review is complete. See *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 284–285, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974); *Burlington Truck Lines v. United States*, 371 U.S. 156, 168, 83 S.Ct. 239, 246, 9 L.Ed.2d 207 (1962). We therefore agree with the Commission's holding in this case, and particularly with the following portion thereof:

> . . . While this Commission is without jurisdiction to prescribe tariff rules applicable to intrastate traffic, the Interstate Commerce Act does not prohibit the combining of interstate and intrastate weight to determine the applicable interstate rate. We have approved tariff publications which required charges on the basis of the combined weight of interstate and intrastate traffic in a single shipment. See, *California Motor Carrier Rates*, 41 M.C.C. 19 (1942); *Central States Motor Freight Bureau, Inc., Petition*, 319 I.C.C. 745, on reconsideration 321 I.C.C. 726 (1964). We have also approved the inclusion of gallonage transported in interstate commerce in determining minimum gallonage required for application of interstate motor common carrier rates for weekly tenders of interstate and intrastate shipments. *Weekly Rates on Petroleum Products—from Sparks, Nev.*, 322 I.C.C. 541 (1964).

> While we have approved tariff provisions of this nature, we have not previously, as defendants and intervenor correctly argue, prescribed the publication of such provisions. Although we have the undoubted power to prescribe such provisions in a proper case we do not find it necessary to do so here and must disagree with the decision of the joint board to that extent.

> The parties are agreed that each unit transported on a single bill of lading is a shipment. The generally accepted definition of a shipment, subject to valid tariff rules, is a lot of freight received from one shipper, at one point at one time for one consignee or receiver at one destination under one bill of lading. In accordance with this definition of a shipment and the agreement of the parties, we find that each unit transported is a single shipment containing interstate and intrastate traffic.

> The defendants and the intervenor contend that even though each combined unit is a single shipment, it must for rating purposes be deemed two separate shipments made up of interstate and intrastate portions. We disagree.

> In the *Central States* and *Armour & Co.* cases, *supra*, we held that our jurisdiction was limited to the interstate portion of a combined interstate-intrastate shipment. The necessary corollary of these holdings is that interstate rates subject to our jurisdiction are applicable to the interstate portion of the shipment and that intrastate rates subject to State authority are applicable to the intrastate portion of the shipment.

> The calculation of charges on the basis of jurisdictional limitations, however, does not alter the physical facts of the transportation. A single shipment is transported even though it may be comprised of traffic in different forms of commerce.

350 I.C.C. 489–490 [footnote omitted].

Petitioners' request to set aside the decision of the I.C.C. is accordingly DENIED.